UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1 - 28 d/b/a ALLTEXTBOOKPRO.COM, ALVACENTRAL.COM, AMAZINGSAVINGS.STORENVY.COM, BASEOFBOOKS.COM, BOOKGTM.COM, BYETEXTBOOK.COM, EBOOKBIGSALES.COM, EBOOKKISS.COM, EBOOKS4SALES.COM, EBOOKSGIFT.COM, EBOUKS.COM, ELIBRARYSHOP.COM, FENDICI.COM, GENTERBOOK.COM, GILBERTZZ.MYSHOPIFY.COM, INMSLIDE.COM, KITUDO.COM, KYLETSHIRTS.COM, METROPOLISHAVEN.COM, MYTEXTBOOKS.ORG, OHMYMART.MYBIGCOMMERCE.COM, RAPOPOUT.STORE, SNAPJAMBOOKS.COM, STIZASTORE.COM, STORESALESOFF.COM, TESTBANKSTORAGE.COM, TOMASIZH.MYSHOPIFY.COM, and ZBOOKBIG.COM,<br><br>Defendants. | **Civil Action No. 21-cv-6691-ER** |

**FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO JUSTIN MOUCHAYAD**

Plaintiffs Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") filed a Complaint against Defendant Doe 19 d/b/a

1

metropolishaven.com ("Doe Defendant"), alleging claims of copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 501 *et seq.*, and claims of trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114 *et seq*.  The Doe Defendant has since been identified as Justin Mouchayad ("Defendant").  Plaintiffs and Defendant indicate that they have settled this matter.  In connection therewith, the parties have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW, THEREFORE**, it is hereby:

I. **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendant in the amount of $710,000.  Each party shall bear its own costs and expenses, including its attorneys' fees.

II. **FURTHER ORDERED** that a permanent injunction is **ENTERED** in this action as follows — Defendant and his officers, agents, employees, and attorneys and all those in active concert or participation with any of them, who receive actual notice of this Permanent Injunction, are enjoined from:

   a. Directly or indirectly infringing any of Plaintiffs' Copyrighted Works[1];

   b. Directly or indirectly infringing any of Plaintiffs' Marks[2] ; and

---

[1] "Plaintiffs' Copyrighted Works" means any and all textbooks or other copyrighted works, or portions thereof, whether now in existence or later created, regardless of media type, the copyrights to which are owned or exclusively controlled by any of the Plaintiffs or their respective parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, or assigns, whether published in the United States or abroad.

[2] "Plaintiffs' Marks" means any and all trademarks and service marks, whether now in existence or later created, that are owned or exclusively controlled by any of the Plaintiffs or their respective parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, or assigns, whether used in commerce in the United States or abroad.

    c. Without limiting the foregoing II.a-b:

        i. Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrighted Works or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization;

        ii. Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Copyrighted Works or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization; and

        iii. Using, hosting, operating, maintaining, creating, providing, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, content delivery network, payment processing service, or any other service similar to the above-listed services that supports, enables, facilitates, permits, assists, solicits, encourages, or induces the infringement of Plaintiffs' Copyrighted Works or

Plaintiffs' Marks as set forth above.

III.   **FURTHER ORDERED** that Defendant, along with his personal representatives, heirs, executors, administrators, agents, assigns, and attorneys, shall, at Defendant's own expense, permanently delete and destroy each copy, including each digital copy, of Plaintiffs' Copyrighted Works within his possession, custody, or control.  Defendant shall promptly certify to Plaintiffs in writing—by no later than January 13, 2022—that such deletion/destruction has been completed.

IV.   **FURTHER ORDERED** that all funds in the following accounts listed below shall be disbursed to Plaintiffs through their counsel, Oppenheim + Zebrak, LLP:

a)   JP Morgan Chase (Account No. ******7605)

b)   JP Morgan Chase (Account No. ******6248)

V.   **FURTHER ORDERED** that, in addition the disbursement of funds pursuant to Section IV above, the Defendant shall pay the remainder of any funds for a total payment of $710,000 to Plaintiffs, through their counsel, Oppenheim + Zebrak, LLP, pursuant to the terms of the parties' settlement agreement.

VI.   **FURTHER ORDERED** that Defendant shall transfer and turnover to Plaintiffs the domain names metropolishaven.com and pdfemporium.com and take all steps required to effectuate such prompt transfer/turnover.

VII.   **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Order.  Without limiting the foregoing, in the event Plaintiffs discover any new websites owned or operated by Defendant in violation of any of the terms of this Permanent Injunction, Plaintiffs may move the Court for a

supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

VIII. **FURTHER ORDERED** that this Order replaces the Court's Preliminary Injunction issued in this matter as to Defendant.

**SO ORDERED** this ___6th___ day of ___January___, 2022.
New York, New York

_____
Edgardo Ramos
United States District Judge